UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===========================================

UNITED STATES OF AMERICA,

                                 Plaintiff,

           v.                                        DECISION AND ORDER
                                                          04-CR-196A
ROBERT RHODES,

                                 Defendant.

===========================================

## BACKGROUND

              Defendant is charged in a one count indictment with a violation of

18 U.S.C. § 242, alleging that he deprived another person of her civil rights

under color of law.  More specifically, it is alleged that on July 21, 2004 at the

Rainbow Bridge border crossing, defendant,  a Border Protection Officer,

assaulted Zhao Yan, a Chinese national, by macing her, kicking her in the head

and striking her head onto the pavement.  Immediately prior to his encounter

with Zhao Yan, defendant had intercepted a man who was attempting to

smuggle several pounds of marijuana into the United States.  Defendant

contends that he believed that Zhao Yan and two other women were with the

smuggler and that he simply attempted to apprehend them.

              On September 30, 2004 defendant filed an omnibus motion

seeking, *inter alia*, dismissal of the indictment on the grounds of selective

1

prosecution.  On January 10, 2005 Magistrate Judge Hugh B. Scott issued a

Report and Recommendation recommending, among other things, that

defendant's motion to dismiss the indictment be denied.

On January 31, 2005, defendant filed objections to the Magistrate

Judge's recommendation that the motion to dismiss based on selective

prosecution should be denied.  The defendant did not object to the remainder of

the Report and Recommendation.  The government filed a response to the

defendant's objections on February 22, 2005.  Oral argument was scheduled for

May 4, 2005, but was deemed submitted on that date without argument.


## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo

determination of those portions of the Report and Recommendation to which

objections have been made.  Upon a de novo review of the Report and

Recommendation, and after reviewing the submissions from the parties, the

Court adopts the proposed findings of the Report and Recommendation.

The United States Supreme Court in United States v. Anderson,

517 U.S. 456, 463, 116 S.Ct. 1480, 1486 (1996), stated that a selective

prosecution claim is not a defense on the merits to the underlying criminal

charge, but "an independent assertion that the prosecutor has brought the

charge for reasons forbidden by the Constitution."  Id.  The standard to establish

such a claim, or even to obtain discovery on such a claim, is a demanding one,

as

> [t]he presumption of regularity supports . . .
> prosecutorial decisions and in the absence of clear
> evidence to the contrary, courts presume that
> [prosecutors] have properly discharged their official
> duties.

Id. at 464 (internal citation and quotations omitted).  However, a prosecutor's

discretion is not unfettered and "the decision whether to prosecute may not be

based on an unjustifiable standard such as race, religion or other arbitrary

classification."  Id. at 464 (internal citations and quotations omitted).

In order to establish a claim of selective prosecution, the defendant

must show:

> (1) that, while others similarly situated have not
> generally been proceeded against because of conduct
> of the type forming the basis of the charge against him,
> he has been singled out for prosecution, and
>
> (2) that the government's discriminatory selection of
> him for prosecution has been invidious or in bad faith,
> i.e., based on such impermissible considerations as
> race, religion or the desire to prevent his exercise of
> constitutional rights.

United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974).  These two prongs

are sometimes referred to as "discriminatory effect" and "discriminatory purpose

or intent."  See Wayte v. United States, 470 U.S. 598, 608, 105 S.Ct. 1524,

1531 (1985).  The defendant here fails to satisfy either prong of the test for a claim of selective prosecution.

1.  Discriminatory Effect

Defendant must demonstrate that others similarly situated to him have generally not been prosecuted for conduct similar to that for which he is being prosecuted.  As defendant notes, similarly situated does not mean identically situated and others must have committed "the same basic crime in substantially the same manner as the defendant."  United States v. Smith, 231 F.3d 800 (11th Cir. 2000).

In support of his motion to dismiss the indictment, defendant claims that eleven officers were "involved" in the incident at the Rainbow Bridge.  See Motion to Dismiss and Memorandum in Support (Dkt # 12, Attachment 9) at 1. In his reply to the government's response to his motion, defendant provides a list of only four "witnesses" to the incident.  See Reply (Dkt # 19) at 11.  There is no evidence, however, that any other officer engaged in conduct similar to defendant's alleged conduct.

Two of the officers defendant names as witnesses, Arcuri and Zinnerman, were interviewed by the investigating agents, and the agents' summaries of Arcuri's and Zinnerman's statements were included in the affidavit in support of the criminal complaint against defendant.  Both Arcuri and Zinnerman stated that they responded to defendant's call for assistance, that

4

they observed defendant struggling with Zhao Yan, that they attempted to assist defendant in restraining Zhao Yan and that they witnessed defendant shove her into a wall, administer pepper spray into her face, kick her in the head and strike her head onto the pavement.  Defendant has provided no evidence that any other officer engaged in conduct similar to that of which he is accused.[1]

Defendant has failed, therefore, to demonstrate that other officers engaged in conduct similar to his yet are not being prosecuted.

2.  Discriminatory Intent

In order to succeed on a claim of selective prosecution, defendant must also demonstrate that the government selected him for prosecution in bad faith or for some invidious purpose, i.e., for some discriminatory purpose.  See Berrios, at 1211.  Defendant contends that he is being prosecuted because he is a homosexual.

Defendant asserts that it is common knowledge at the Department of Homeland Security that he is a homosexual and that he has filed an EEOC complaint alleging a pattern of harassment by his superiors.  He contends that, as the investigating agents are also employed by the Department of Homeland

---

[1]   As further support for his motion to dismiss the indictment, defendant contends that Zhao Yan herself has stated in numerous media accounts that more than one officer assaulted her.  He fails, however, to point to any specific statement of that nature made by Zhao Yan.

Security, they would be aware of his sexual orientation and his charges against

the department.  He asserts that the motivation of the agents can be imputed to

the prosecutor and cites United States v. Monsoor, 77 F.3d 1031 (7th Cir. 1996),

and United States v. Goulding, 26 F.3d 656, 662 (7th Cir. 1994).  He also argues

that a prosecutor's direct knowledge of an investigating agent's discriminatory

purpose is not required in order to show discriminatory intent, citing United

States v. Tuitt, 68 F. Supp.2d 4, 10 (D. Mass. 1999).

　　　　In both Monsoor and Goulding, the defendants alleged that

investigating agents or agencies bore some animosity against them, but in both

cases, the defendants' respective claims of selective and vindictive prosecution

were dismissed.  In Goulding, there was no evidence that the agents who

conducted civil audits of the defendant were involved in the criminal

investigation resulting in his prosecution.  In Monsoor, although the agents who

allegedly bore animus against the defendant referred the case to the United

States Attorney for prosecution, the Seventh Circuit held that the defendant must

show that

> the ill will, whoever its bearer, actually motivated his
> prosecution.  Thus, . . . a defendant must establish that
> the agency in some way prevailed upon the prosecutor
> in making the decision to seek an indictment.

United States v. Monsoor, 77 F.3d 1031, 1035 (7th Cir. 1996).

　　　　In this case, there is no evidence that the investigating agents are

aware, or were aware at the time of the investigation, of defendant's homosexuality or of his complaints against the department.  Nor is there any evidence that the investigating agents bear any animosity toward defendant. The simple fact that the agents are employed by the Department of Homeland Security, without more, is insufficient to demonstrate that they are or were aware that the defendant is a homosexual or that he filed complaints against the Department, and is certainly insufficient to demonstrate that the agents bear any animosity against the defendant because of his homosexuality.

Moreover, even if there were such animosity on the part of the investigating agents, there is no evidence that they prevailed upon the United States Attorney or the Assistant United States Attorney to seek the indictment. The Assistant United States Attorney provided an affidavit averring that he was unaware of the defendant's homosexuality prior to the defendant's arrest in this case, and was only made aware of it by defendant's counsel.  Defendant provides no evidence of the prosecution's intent to discriminate against him because of his homosexuality.

## **CONCLUSION**

Defendant has failed to show that he is being selectively prosecuted because of his homosexuality.  The Report and Recommendation is adopted in its entirety and the defendant's objections are dismissed.

The parties shall appear on June 6, 2005 at 9:00 am for a meeting to set a trial date.


IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
Hon. Richard J. Arcara
Chief Judge
United States District Court

Dated: June 3  , 2005